USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-7-16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRINA MACKLIN,

       Plaintiff,

- against -

AMERICAN BUILDING MAINTENANCE,

       Defendant.

REPORT AND RECOMMENDATION

15-CV-3675 (PAC) (RLE)

**To the HONORABLE PAUL A. CROTTY, U.S.D.J.:**

## I. INTRODUCTION

*Pro se* Plaintiff Patrina Macklin ("Macklin") brings this action pursuant to the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-2654, alleging that her employer, Defendant ABM Janitorial Services – Northeast, Inc. ("ABM") (incorrectly captioned as "American Building Maintenance") unlawfully denied her requests for leave to flee from domestic violence. (Doc. No. 1.)

Macklin commenced this action on December 22, 2014, by filing a Complaint in the Supreme Court of the State of New York. (Doc. No. 1, Ex. A.) On May 12, 2015, ABM removed the case to this Court. (Doc. No. 1 at 1.) The Honorable Paul A. Crotty referred this case to the undersigned for general pretrial purposes and dispositive motions requiring a Report and Recommendation. (Doc. No. 5.) On June 3, 2015, ABM filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 11.) On July 2, 2015, Macklin filed an Affirmation in Opposition to ABM's Motion to Dismiss ("Opposition"), including a prayer for relief that her case be heard in state court. (Doc. No. 19 at 1.) ABM did not submit a reply. (Doc. No. 20.)

For the reasons set forth below, I recommend that Macklin's FMLA claims be **DISMISSED WITH PREJUDICE**. Insofar as the Complaint may be construed to state claims that are cognizable under New York State law, I recommend that these be **DISMISSED WITHOUT PREJUDICE**.

## II. BACKGROUND

The following facts are taken from Macklin's Complaint and the attachments thereto, as well as from her Opposition, and are assumed to be true for the purposes of the Motion to Dismiss. When deciding a motion to dismiss under Rule 12(b)(6), "the district court is normally required to look only to the allegations on the face of the complaint." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). However, the court may also consider "documents attached to the pleadings as an exhibit or any statements or documents incorporated in the Complaint by reference, and . . . any documents that are integral to the Complaint or an appropriate subject for judicial notice." *D'Antonio v. Metro. Transp. Auth.*, No. 06 Civ. 4283 (KMW), 2008 WL 582354, at *3 n.6 (S.D.N.Y. Mar. 4, 2008). *See also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (citing *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995). Moreover, while district courts are not required to consider claims that are raised for the first time in a *pro se* plaintiff's opposition to a motion to dismiss, *see, e.g., Cohen v. New York*, 481 Fed.Appx. 696, 697 (2d Cir. 2012), the court may consider factual allegations contained in a plaintiff's submissions in opposition to a defendant's motion to dismiss, to the extent that they are consistent with the complaint. *See, e.g., Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013); *Rosario v. New York City*, No. 12 Civ. 4795 (PAE), 2013 WL 209954, at *1-2, n.1 (S.D.N.Y. May 15, 2013); *Bonaby v. N.Y. City Taxi & Limousine Comm'n*, No 02 Civ. 5423 (LAP), 2003 WL 21649453, at *1 n.1 (S.D.N.Y. July 10, 2003).

### A. The Pleadings

Macklin's Complaint is three pages long and is in the form of a series of questions. (Doc. No. 1, Ex. A.) To the extent that factual allegations can be gleaned from the pleadings, they have been extracted from the Complaint and from the documents filed with it: a letter to ABM requesting information about her pay; two Family Offense Petitions filed in Family Court of the State of New York against the father of Macklin's infant child; and two Temporary Orders of Protection against him. (Doc. No. 1, Ex. A at 5-15.) Macklin's Opposition also appended a number of documents: documents from her personnel file; documents filed in Family Court of the State of New York; hospital papers related to her youngest son's illness; and documents and articles related to domestic violence and workplace discrimination. (Doc. No. 19.)

### B. The Parties

Macklin is a single mother with two teenaged children and an infant child. (Doc. No. 1, Ex. A at 2.) She was employed by ABM as a janitor. (*Id.*) According to Macklin's application for employment, she worked for Collins Building Services, with duties consisting of "sweeping, dusting, [and] vacuuming," from September 2005 until Collins Building Services lost their contract to ABM in August 2008. (Doc. No. 19 at 9.) Macklin was then hired by ABM as a "cleaner/porter." (Doc. No. 19 at 33.) At ABM, Macklin reported to Ricardo Billy ("Billy") and to Regional Director of Labor Relations Hal Brager ("Brager"). (Doc. No. 1, Ex. A at 11; Doc. No. 19 at 32.)

### C. Facts Alleged in the Complaint

In her Complaint, Macklin seems to allege that she asked Brager for time off to escape domestic abuse that interfered with her ability to perform her job duties, and that Brager "refuse[d] to take [her] [O]rder of [P]rotection from . . . October 14 and 15." (Doc. No. 1, Ex. A

3

at 2.) In support of this claim, Macklin also lists "[e]xhibits" consisting of "hospital papers from [the] emergency room." (*Id.*) A Temporary Order of Protection, annexed to her Complaint, describes how, on October 14, 2008, her partner beat her while she was pregnant, and her child was born prematurely as a result. (*Id.* at 11.) In a handwritten notation made at the bottom of the Order of Protection, Macklin wrote that Brager and Ricardo "knew what [she] was going through," and that she "had time that [she] should have been allowed to take [off]." (*Id.* at 12.) Macklin also alleges that, as a result of being denied leave, she had to "miss[] a lot of work days" and that, during her employment with ABM, she was moved from the building where she worked, and ABM posted a job opening for her position online but made no efforts to accommodate her. (*Id.* at 3.) Finally, Macklin alleges that in December 2008, she was not allowed to sign in or out. (*Id.*) Macklin was apparently terminated by ABM in December 2008. (*Id.*)

### E. Procedural History

After her termination, Macklin filed a Verified Complaint with the Division of Human Rights ("DHR"), charging ABM with discrimination on the basis of race and color and on the basis of her status as a victim of domestic violence. (*See* Doc. No. 14.) The DHR dismissed Macklin's complaint. (Doc. No. 12, Ex. B.) Macklin then filed an Article 78 Petition in the Supreme Court of the State of New York seeking review of the DHR's decision. (Doc. No. 12, Ex. D.) Her Article 78 Petition was denied on July 25, 2012. (*Id.*)

On December 22, 2014, Macklin initiated the current action in the Supreme Court of the State of New York concerning her December 2008 termination, adding for the first time a claim under the FMLA. (Doc. No. 1, Ex. A at 1.) On May 12, 2015, ABM removed the case to this Court, (Doc. No. 1.), and, on June 3, 2015, filed this Motion to Dismiss. (Doc. No. 11.)

In its motion, ABM argues that Macklin's Complaint should be dismissed because (1) Macklin's FMLA claims are untimely because her Complaint was filed six years after the date of her termination; (2) Macklin's state law claims are barred by collateral estoppel; and (3) Macklin failed to exhaust her administrative remedies pursuant to the Collective Bargaining Agreement ("CBA") that allegedly governed her employment. (Doc. No. 14 at 6-9.) In support of these arguments, ABM submitted numerous exhibits and declarations. (*See* Doc. No. 12, Ex. 1-7.) Macklin filed an Opposition, also opposing the removal from New York State Supreme Court. (Doc. No. 19 at 7.)

### III. DISCUSSION

#### A. Standard for Dismissal under Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may assert a motion to dismiss for failure to state a claim on which relief can be granted. In deciding a motion to dismiss, the court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers*, 282 F.3d at 152. A court, however, is not bound to accept as true a legal conclusion couched as a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Nor does a complaint suffice if it offers "naked assertion[s]" devoid of "further factual enhancement." *Id.* (citing *Twombly*, 550 U.S. at 557.)

Under *Twombly*, the court must also apply a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d

Cir. 2007); *see Elektra Entm't Group, Inc. v. Santangelo*, No. 06 Civ. 11520 (SCR)(MDF), 2008 WL 4452393, at *2 (S.D.N.Y. 2008). A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556. Only a complaint that states a plausible claim for relief survives a motion. *Id*.

Given Macklin's status as a *pro se* plaintiff, this Court must "take care to construe [her] papers liberally," *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988), and interpret the complaint "to raise the strongest arguments [it] suggest[s]." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). Construed liberally, Macklin's Complaint states a claim of unlawful denial of leave under the FMLA to receive treatment for injuries related to domestic violence. (Doc. No. 1, Ex. A at 1.)

### B. Macklin's FMLA Claim Is Untimely

ABM argues that Macklin cannot state a claim under the FMLA because it is time-barred. The statute of limitations for an FMLA claim is two years after "the date of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(1). If a violation is willful, the statute of limitations extends to three years. 29 U.S.C. § 2617(c)(2). A violation of the FMLA occurs when an employer interferes with an employee's "exercise of or the attempt to exercise" rights under the statute. 29 U.S.C. § 2615 (a)(1). An employer acts willfully when it "knew or showed reckless disregard for the matter of whether its conduct was prohibited by" the FMLA. *Riddle v. Citigroup*, 449 Fed.Appx. 66, 70 (2d Cir. 2011) (quoting *Porter v. N.Y. Sch. of Law*, 392 F.3d 530, 531 (2d Cir. 2004)).

In her Complaint, Macklin claims she should have been afforded FMLA leave because of her status as a victim of domestic violence. (Doc. No. 1, Ex. A at 1.) Even if the claim is

6

liberally construed to relate to the hospitalization from injuries related to domestic violence, Macklin cannot state a claim because her Complaint was filed on December 22, 2014, more than six years after the last event constituting an alleged violation, and beyond the applicable statute of limitations. *See* 29 U.S.C. § 2617(c)(1) and (2).

Therefore, I recommend that Macklin's FLMA claims be **DISMISSED WITH PREJUDICE**.

C.  **This Court Should Decline to Exercise Jurisdiction over the State Law Claims**

Macklin's Complaint suggests claims arising under New York State law. (Doc. No. 1, Ex. A.) In its Motion to Dismiss, ABM argues that Macklin is collaterally estopped based on her complaint filed with the DHR, which, according to ABM, alleged violations of New York Human Rights Law. (Doc. No. 14 at 2.)

Federal courts are courts of limited jurisdiction. U.S. Const. art. III, § 2, cl. 1. Federal courts have original jurisdiction under 28 U.S.C. § 1331 when a claim arises out of federal law; diversity jurisdiction under 28 U.S.C. § 1332 when there is diversity of citizenship and a claim worth over $75,000; and supplemental jurisdiction over state law claims under 28 U.S.C. § 1367 when these claims form part of the same case or controversy as a federal law claim at issue. Under, 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction where all of the claims over which the court has original jurisdiction have been dismissed.

It is clear from the Complaint that Macklin asserted FMLA claims and thus, this Court had original jurisdiction over the matter under 28 U.S.C. § 1331. (Doc. No. 1, Ex. A at 1.) In its Notice of Removal, ABM cited the Labor-Management Relations Act as granting original jurisdiction. (Doc. No. 1 at 1.) While the Labor-Management Relations Act ("LMRA") provides that "suits for violation of contracts between an employer and a labor organization" may be brought in any federal district court, federal pre-emption cannot constitute grounds for

7

subject-matter jurisdiction when it has not been pleaded in the complaint and is merely an anticipated defense. 29 U.S.C. § 185(a); *Sullivan v. American Airlines, Inc.*, 424 F.3d 267, 272 (2d Cir. 2005) (citing *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998)). Because Macklin's cause of action under the FMLA should be dismissed and because the LMRA's pre-emption comprises an anticipated defense, neither Act can serve as the basis for subject-matter jurisdiction. No other basis for jurisdiction exits. ABM asserts that there is diversity of citizenship, but does not allege that the claim in dispute is worth over $75,000. *See* 28 U.S.C. § 1332. (Doc. No. 1 at 1.)

Because there is no independent basis for federal jurisdiction, this Court has discretion over whether to exercise supplemental jurisdiction. I recommend that it decline to do so. Therefore, to the extent that the Complaint suggests claims that are cognizable under New York State law, I recommend that these claims be **DISMISSED WITHOUT PREJUDICE**.

## IV. CONCLUSION

In conclusion, I recommend that:

(1) Macklin's FMLA claims be **DISMISSED WITH PREJUDICE**; and that

(2) to the extent that Macklin's Complaint may be construe to state claims under New York State law, they should be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to Federal Rule of Civil Procedure 72, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Paul A. Crotty, 500 Pearl Street, Room 1350, and to the chambers of the undersigned, Room 1970.

Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

**DATED: January 7, 2016**
**New York, New York**

**Respectfully Submitted,**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

**MAILED BY CHAMBERS**